**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOSHUA DEWITT,

       PLAINTIFF,

v.

                                       CASE NO.:

DYNAMIC SECURITY INC.,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, JOSHUA DEWITT, (hereinafter referred to as the "PLAINTIFF" or "DEWITT"), sues the Defendant, DYNAMIC SECURITY INC. (hereinafter referred to as the "DEFENDANT" or "DYNAMIC"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA), 38 U.S.C. §§ 4301 et seq., to correct unlawful employment practices and vindicate Plaintiff's rights to fair treatment and equal employment opportunities on the basis of service in the uniformed services.

2. Plaintiff is a member of the United State Marine Corps and during his employment with the Defendant was a qualified employee engaged in the

1

uniformed services. Defendant interfered with and retaliated against Plaintiff by terminating his employment for participating in the uniformed services.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323 (b).

4. Venue is proper in this district under 38 U.S.C. § 4323 (c)(2) and 28 U.S.C. § 1391, because Defendant maintains an office and conducts business in this district.

7. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

8. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

9. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

10. Plaintiff has complied with all conditions precedent to the filing of this suit.

## PARTIES

11. Plaintiff resides in Escambia County, Florida and is a citizen of the United States and a member of the United States Marine Corps. He is an employee within the meaning of 38 U.S.C. § 4303 (3), and is a person entitled to the protection of said act.

12. Defendant, Dynamic Security Inc., (hereinafter, referred to, as "Dynamic" or "Defendant"), is a foreign limited liability corporation, headquartered in Muscle Shoals, Alabama; and is authorized to do business in in the State of Florida and conducts business in Escambia County, Florida, wherein it provides contract security services. Defendant is located within this judicial district and is an employer within the meaning of 38 U.S.C. § 4303(4) (A) (iii) and (14).

## FACTS

13. Plaintiff is a 28 year old Caucasian male.

14. Plaintiff is a member of the United States Marine Corps.

15. Plaintiff interviewed with and was hired by Defendant's Regional Manager, Russell Mitten, and began his employment with Defendant on June 1, 2020.

16. Plaintiff was to initially begin work with Defendant as an armed security guard at the Escambia County Courthouse.

17.     However, on Plaintiff's his first day, Mr. Mitten, informed him that he wanted Plaintiff to be a Field Supervisor.

18.     About three weeks after Plaintiff began his employment, Defendant hired Tony Staples to be the new Operations Manager.

19.     About a week or two after Mr. Staples' hire, he asked Plaintiff to step into his office to "talk".

20.     During this conversation, Mr. Staples brought up the fact that he had heard through the grapevine that Plaintiff was an inactive reservist in the U.S. Marine Corps and that Plaintiff was going back to active duty at the beginning of the 2021.

21.     Plaintiff confirmed that he was currently an inactive reservist in the Marine Corps and that he would be returning to active duty in January 2021.

22.     Plaintiff was on active duty and attending officer candidate school (OCS) when he was injured. The Marine Corps placed him on inactive reservist status so he could rehabilitate his injuries at his local VA hospital and then return to active duty to complete OCS.

23.     Mr. Staples' response to Plaintiff was to tell him that he considered his military status to be a problem and that had he known this and been the one to have hired Plaintiff, he would never had hired Plaintiff in the first place.

24. From that time forward, Mr. Staples' demeanor and attitude towards Plaintiff changed.

25. Plaintiff continued to perform the duties and responsibilities of his position in an exemplary manner.

26. In early July, plaintiff exhibited covid-19 related symptoms and had to quarantine while awaiting his test results. Plaintiff continued to perform his duties and responsibilities while quarantining with no issue.

27. On July 27, 2020, Defendant notified Plaintiff that his employment was being terminated as "they were just not communicating well and it was not work out".

28. Plaintiff's termination occurred just a few weeks after Mr. Staples, statements that Plaintiff should never have been hired because he was returning to active duty in January 2021.

## FIRST CAUSE OF ACTION
*(Discrimination and Retaliation Violation of 38 U.S.C. § 4311)*

29. Plaintiff restates and re-avers the allegations contained within Paragraphs 1- 28 of the Complaint, as if fully set forth herein.

30. By and through, but not limited to, the events described above, Plaintiff was discriminated and retaliated against by Defendant on the basis of his military service.

31. Plaintiff alleges that Defendant fired him from his position as a field supervisor in violation of USERRA.

> 38 U.S.C. § 4311(a), provides in relevant part:
>
>> A person who is a member of . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

32. Plaintiff was hired on June 1, 2020, and about three weeks after Plaintiff began his employment, Defendant hired Tony Staples to be the new District Manager.

33. About a week or two after Mr. Staples' hire, he asked Plaintiff to step into his office to "talk".

34. During this conversation, Mr. Staples brought up the fact that he had heard through the grapevine that Plaintiff was an inactive reservist in the U.S. Marine Corps and that Plaintiff was going back to active duty at the beginning of the 2021.

35. Plaintiff confirmed that he was currently an inactive reservist in the Marine Corps and that he would be returning to active duty in January 2021.

36. Mr. Staples; response to Plaintiff was to tell him that he considered Plaintiff's military status to be a problem and that had he known this about

Plaintiff and he had been the one responsible for hiring Plaintiff, he would never had hired Plaintiff in the first place.

37. From that time forward, Mr. Staples' demeanor and attitude towards Plaintiff changed.

38. Plaintiff continued to perform the duties and responsibilities of his position in an exemplary manner.

39. In early July 2020, Plaintiff exhibited covid-19 related symptoms and had to quarantine while awaiting his test results. During this time, Plaintiff continued to perform his duties and responsibilities with no issue.

40. On July 27, 2020, Defendant notified Plaintiff that his employment was being terminated as "they were just not communicating well and it was not work out".

41. Plaintiff's termination occurred just a few weeks after Mr. Staples, statements that Plaintiff should never have been hired because he was returning to active duty in January 2021.

42. Defendant's actions violated USERRA, 38 U.S.C. § 4301 et seq.

43. As a direct and proximate result of Defendant's acts, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

44. Plaintiff has been injured by Defendant's violation of USERRA and is thereby entitled to recover lost wages and benefits in an amount to be determined as well as an equal amount in liquidated damages. Plaintiff is further entitled to recover his attorney fees and litigation expenses in prosecuting this matter.

## *PRAYER FOR RELIEF*

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

a) Declare Defendant in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA).

b) Order Defendant to reinstate Plaintiff to his prior position of employment without a break in service or change in shift or hours worked, or if such reinstatement is not feasible, to order Plaintiff compensation for lost earning capacity and future earnings and benefits.

c) Order Defendant to make Plaintiff whole by compensating him for past and future pecuniary losses, including expenses, lost past earnings and benefits of employment, and medical and health care expenses caused by Plaintiff's loss of employment opportunity.

d) Order defendant to pay Plaintiff liquidated damages.

e) Award Plaintiff the costs of his suit and reasonable attorney fees, costs and expert witness fees pursuant to 38 U.S.C. § 4323(h)(2).

f) Order Defendant to pay prejudgment interest and post judgment interest in all amounts due to Plaintiff as a result of this action.

g) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

h) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

i) Awarding Plaintiff Front Pay in lieu of reinstatement;

j) Awarding Plaintiff compensatory damages;

k) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

l) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                        Respectfully submitted,

Dated: Augusut 17,  2020.    By:   */s/ Clayton M. Connors*
                                                 CLAYTON M. CONNORS
                                                 Florida Bar No.: 0095553
                                                 Email: cmc@westconlaw.com
                                                 **WESTBERRY & CONNORS, LLC.**
                                                 4400 Bayou Blvd., Suite 32A
                                                 Pensacola, Florida 32503
                                                 Tel:  (850) 473-0401
                                                 Fax: (850) 473-1388

                                                 Attorney for the Plaintiff